UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH A. HALL,<br><br>               Plaintiff,<br><br>    v.<br><br>KEVIN BOVENCAMP,<br><br>               Defendant. | CASE NO. 3:25-cv-05939-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

      Plaintiff, Joseph A. Hall, a detainee of the Western State Hospital filed a *pro se* 42 U.S.C. § 1983 civil rights complaint alleging Defendant Kevin Bovencamp violated Plaintiff's due process rights. Dkt.1. The Court is required to review complaints filed by detainees and must dismiss the complaint if it is fails to state a claim upon which relief may be granted or is otherwise barred. *See* 28 U.S.C. § 1915A(a).

      Having reviewed the complaint, the Court recommends the complaint be dismissed with prejudice on the grounds it was filed outside the § 1983 statute of limitations and is time-barred. The Court further recommends leave to amend the complaint be denied. Leave to amend should be denied because no amendment will alter the fact the complaint alleges acts which occurred four years ago, and which accordingly fall outside the statute of limitations. Amendment would thus be futile.

REPORT AND RECOMMENDATION - 1

A.     **The Complaint**

On October 21, 2025, Plaintiff filed a complaint against Kevin Bovencamp, the Assistant Secretary for Behavioral Health Administration of Washington Department of Social Services. *See* Complaint at Dkt. 1. The complaint sets forth a single claim and alleges:

> Due process rights violation. My due process rights wer violated was arrested on August 30th 2021 @ clark county jail [WSH admitted me 12-10-21 WSH had taken 102 days to admit me they have 7-14-business days to admit to hospital me. Ended up in cause due process violation

*Id*. at 4. As relief, plaintiff seeks monetary damages, "true blood lawsuit," and appointment of counsel to represent him in this matter. *Id.* at 9.

B.     **Discussion**

Plaintiff's complaint is time barred. In § 1983 actions, this Court applies the stature of limitations for Washington State, the jurisdiction in which the § 1983 claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

The Court applies federal law to determine when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when Plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time-period in which the complained of acts occurred, not on the time-period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

REPORT AND RECOMMENDATION - 2

Here, Plaintiff alleges his rights were violated because he was arrested on August 30, 2021 and not transferred to Western State Hospital until December 10, 2021. Plaintiff contends due process required his transfer to Western State Hospital within fourteen days of his arrest, i.e. no later than September 13, 2021. The Court finds Defendant's alleged failure to transfer Plaintiff to Western State Hospital accrued in September 2021 because Plaintiff was obviously aware he had not been transferred to Western State that month and that he was not transferred until December 2021. The Court thus concludes Plaintiff's § 1983 claim that his due process rights were violated by the delay in transfer falls outside the three year § 1983 statute of limitations, which lapsed on September 13, 2024, and that the claim is accordingly time-barred.

Because Plaintiff's complaint was filed outside of the statute of limitations, the Court has considered whether there are equitable grounds to toll the limitations period. The Court also applies Washington State law regarding equitable tolling for § 1983 actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash. App. 657, 667 (2001) (internal quotations omitted).

The Court finds there are no grounds to equitably toll the statute of limitations. Plaintiff mentions "True Blood" in support of his request for monetary relief. Plaintiff's reference to "True Blood" regards the 2015 decision in *Trueblood v. Washington State Department of Social*

REPORT AND RECOMMENDATION - 3

& *Health Services*,[1] in which the Court found Washington's delay in providing timely competency and restoration services violated the constitutional rights of pretrial criminal detainees. As both the factual and legal bases for Plaintiff's claim his rights were violated in 2021 existed at that time, and Plaintiff could have timely filed the complaint, the Court concludes there is no equitable basis to toll the statute of limitations.

For the foregoing reasons, the Court recommends the complaint be dismissed with prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **November 20, 2025.** The Clerk shall note the matter for **November 21, 2025**. The failure to timely object may affect the right to appeal.

DATED this 5th day of November, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] *See* 101 F. Supp. 3d 1010, 1023-24 (W.D. Wash. 2015), modified on recons., No. C14-1178 MJP, 2015 WL 13664033 (W.D. Wash. May 6, 2015) (court order), modified, No. C14-1178 MJP, 2016 WL4533611 (W.D. Wash. Feb. 8, 2016) (court order), vacated and remanded, 822 F.3d 1037 (9th Cir. 2016).

REPORT AND RECOMMENDATION - 4